IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE BYRON FIELDS,<br><br>Defendant. | Case Nos. 3:12-cr-00022-JKS-1<br>3:19-cv-00204-JKS<br><br>ORDER<br>[Re: Motion to Vacate at<br>Docket No. 201] |
|---|---|

In 2012, a trial jury found Duane Byron Fields guilty of certain federal drug offenses. Docket No. 71; Docket No. 102 (Judgment). His conviction was subsequently affirmed on appeal. *United States v. Fields*, 539 F. App'x 776, 777 (9th Cir. 2013). At Docket No. 201, Fields, proceeding *pro se*, now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction on the ground that the application of a 10-year mandatory minimum sentence based on a prior qualifying drug conviction was invalid because the sentencing court did not comply fully with the procedural requirements of 21 U.S.C. § 851.

I. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect

which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief can be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). This Court need not hold an evidentiary hearing if the record conclusively shows that Fields is either not entitled to relief or if, in light of the record, his claims are "palpably incredible or patently frivolous." *Id.* (citing *Schaflander*); *see United States v. Meija-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (same). Indeed, mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. *See United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). Summary dismissal pursuant to Rule 4 is appropriate only where the allegations of the petitioner are "vague [or] conclusory," "palpably incredible," or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

II.  DISCUSSION

**A.     Timeliness**

Section 2255 contains a 1-year statute of limitations in which to file a petition to vacate, set aside, or correct.  28 U.S.C. § 2255(f); *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011). The 1-year limitation period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).

Judgment was entered in this case on October 4, 2012.  Docket No. 102.  Fields' direct appeal was denied on August 28, 2013, Docket No. 118, and the mandate issued on November 6, 2013, Docket No. 121.  Fields did not file for certiorari and thus his conviction became final 90 days later on February 4, 2014, when the time period for doing so lapsed.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).  Fields thus had until February 4, 2015, to file his petition to vacate.  The instant motion is deemed filed on April 16, 2019.[1]

---

[1]  Fields initially filed his motion in the Ninth Circuit Court of Appeals as an application for authorization to file a second or successive 28 U.S.C. § 2255 motion, which the Court of Appeals denied as unnecessary.  Docket No. 202.  The Ninth Circuit transferred the application to this Court to be processed as a § 2255 motion deemed filed on the date on which the application was delivered to prison authorities.  *Id.*

3

Untimely federal petitions for writs of habeas corpus are generally barred from federal review. *See* 28 U.S.C. § 2244(d); 28 U.S.C. § 2255(f). The fact that the government has not been prejudiced by the prisoner's delay in bringing the federal action is not material. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). A petitioner is entitled to equitable tolling, however, is he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). But because Fields has neither demonstrated that he has diligently pursued his right nor that some extraordinary circumstance stood in his way to prevent a timely filing, Fields' motion to vacate is time-barred.

**B.    Procedural Default**

Fields' instant claim based on an alleged violation of 21 U.S.C. § 851 was not raised on direct appeal. The Supreme Court has cautioned that "federal habeas is a guard against extreme malfunctions in the . . . criminal justice systems, not a substitute for ordinary error correction through appeal." *Ryan v. Gonzales*, 568 U.S. 57, 75 (2013); *see also Sanders v. United States*, 373 U.S. 1, 25 (1963) ("[T]he Court has consistently held that neither habeas corpus nor its present federal counterpart § 2255 is a substitute for an appeal."); *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) ("[B]oth for federal and state convictions, habeas review is not to substitute for an appeal."). Accordingly, a criminal defendant who could have raised a claim on direct appeal but fails to do so will be found to have procedurally defaulted that claim, and may raise that claim on § 2255 collateral review only if the defendant can show cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504.

As relevant here, ineffective assistance of appellate counsel can constitute the cause required to establish procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986). However, "appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

Fields' motion to vacate is premised on the Court's alleged failure to comply with the procedural requirements of § 851. Specifically, Fields contends that the Court "did not ask if Fields affirmed or denied the prior conviction, and the Court did not inform him that he had to raise any challenge to a prior conviction before the sentence was imposed." Docket No. 201 at 16-17. A sentencing court cannot enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a) on the basis of a prior felony drug conviction unless the government complies with the requirements of 21 U.S.C. § 851(a). *United States v. Mayfield*, 418 F.3d 1017, 1020 (9th Cir. 2005). Ninth Circuit law requires "strict compliance with the procedural aspects of section 851(b)." As the Ninth Circuit explained, "The § 851(b) colloquy is not merely a procedural requirement. It serves a functional purpose 'to place the procedural onus on the district court to ensure defendants are fully aware of their rights.'" *United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017) (quoting *United States v. Espinal*, 634 F.3d 655, 665 (2d Cir. 2011)).

The record, however, belies any contention that the Court failed to confirm Fields' prior conviction. Rather, the transcript reflects that the Court addressed at sentencing the Government's filing of a § 851 information alleging a prior conviction, to which defense counsel responded, "I have no basis to object to that information." Docket No. 113 at 3-4. Moreover, any error was harmless in failing to inform Fields that he had to raise a challenge to the prior conviction before

5

the sentence was imposed. Section 851 precludes a criminal defendant from challenging a prior felony drug conviction which occurred more than five years before the date of the information alleging the prior conviction. 21 U.S.C. § 851(e). The 1998 conviction alleged as to Fields was well over 5 years old when the § 851 information was filed on July 17, 2012. Docket No. 62. "Neither the enhancement statute nor reason requires a trial court to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." *United States v. Housely,* 907 F.2d 920, 921-22 (9th Cir. 1990) (citation omitted). Accordingly, appellate counsel had no basis to challenge Fields' sentence on § 851 grounds. Since Fields cannot show deficient performance or prejudice as to his defaulted § 851 claim, he cannot demonstrate cause to excuse his failure to bring it on direct appeal.

III. CONCLUSION

For the foregoing reasons, Fields' *pro se* motion is both untimely and procedurally defaulted.

**IT IS THEREFORE ORDERED THAT** the Motion to Vacate under 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to grant a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: July 25, 2019.

/s/ James K. Singleton, Jr.  
**JAMES K. SINGLETON, JR.**  
Senior United States District Judge